IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LEEANNE MAXFIELD, JAY CLAYTON; CHEREE KAHRS, JODI ROWLEY, BARBARA ADAMS, MICHAEL WYRICK, VICTORIA BOWER, HEATHER DAWN HART, BOYD BROTHERSEN, SAMMI WILCOX, ALISON CICALA, CALVIN OCKEY, and LISA OCKEY, all as individuals and on behalf of all others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> UTAH DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, as a subdivision and/or agency of the STATE OF UTAH; CADE MEIER, an individual; TIFFANY CLASON, an individual; JEFF L. COLVIN, an individual; SALVADOR PETILOS, an individual; ANGELA MICKLOS, an individual; RUTHANNE OAKEY FROST, an individual; TIM BEARDALL, an individual; MAN DIEP, an individual; JOHN BARRAND, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 4:21-cv-00099-DN-PK <br><br> Chief District Judge Robert Shelby <br> Magistrate Judge Paul Kohler |

Plaintiffs brought this action seeking unpaid overtime wages and damages caused by Defendants' alleged misclassification of Plaintiffs as independent contractors rather than employees.[1] Before the court is Defendants' Motion to Dismiss,[2] which seeks dismissal of

---

[1] Dkt. 2 (Complaint) ¶¶ 1-9.

[2] Dkt. 7 (Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint).

Plaintiffs' Complaint under Federal Rules of Civil Procedure 9 and 12.[3]  For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND AND PROCEDURAL HISTORY

At the motion to dismiss stage, the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the nonmoving party.[4]  The following background facts are drawn primarily from Plaintiffs' Complaint.[5]

The Twenty-first Amendment to the United States Constitution restores states' "broad power to regulate liquor."[6]  The State of Utah regulates alcohol products through the Alcohol Beverage Control Act (ABCA), which controls the production, distribution, sale, and consumption of alcohol in the state.[7]  Under the ABCA, the Department of Alcoholic Beverage Services (DABC) controls alcoholic products as a public business.[8]  The DABC controls liquor merchandise inventory, product listings, purchasing policies, and operates state-owned liquor stores.[9]  The DABC is also authorized to enter into "package agency" agreements with persons to sell alcoholic products "from premises other than those owned or leased by the state."[10]  The person authorized to operate a package agency is a "package agent."[11]  Package Agents operate under the direction of the DABC and are responsible for "implementing and enforcing" the

---

[3] Dkt. 7 at 11-12.

[4] *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021).

[5] Dkt. 2.

[6] *Granholm v. Heald*, 544 U.S. 460, 493 (2005).

[7] Utah Code Ann. § 32B-1-101, -104.

[8] Utah Code Ann. § 32B-1-103, -2-203.

[9] Utah Code Ann. § 32B-2-204, -501.

[10] Utah Code Ann. § 32B-2-601.

[11] *Id.*

ABCA as applicable to the package agent and the package agency's sale of alcoholic products.[12] By statute, Package Agents and the their staff are not considered employees of the DABC.[13] Consequently, Package Agents are not entitled to any employment benefits of the State of Utah.[14]

Plaintiffs LeeAnne Maxfield, Jay Clayton, Cheree Kahrs, Jodi Rowley, Barbara Adams, Michael Wyrick, Victoria Bower, Heather Dawn Hart, Boyd Brothersen, Sammi Wilcox, Alison Cicala, Calvin Ockey, and Lisa Ockey (Plaintiffs) are all current or former Package Agents[15] that operate package agencies under the oversight of the DABC.[16] As Package Agents, Plaintiffs were under contract with the DABC to run package agencies to sell DABC-owned liquor.[17] Contracts between Plaintiffs and the DABC are renewed annually, historically with minimal review; some of the Plaintiffs have operated their package agencies for many years.[18]

Defendants operate and manage the sale and distribution of alcohol throughout the State of Utah.[19] As described above, Defendant DABC is a state agency that controls alcohol sales in the State of Utah.[20] Individual Defendants, except John Barrand, are directors of DABC: Cade Meier was a Deputy Director of DABC,[21] Tiffany Clason and Salvador Petilos were Executive

---

[12] *Id.*

[13] Utah Code Ann. § 32B-2-207.

[14] Utah Code Ann. § 32B-2-601.

[15] Plaintiffs use the term "Package Agent" in the Complaint, but only as a job title and not as the term is used in Utah Code § 32B-2-601 to -607.

[16] Dkt. 2 (Complaint) ¶¶ 1-4.

[17] *Id.* ¶¶ 54, 99, 140.

[18] *Id.* ¶ 99.

[19] *Id.* ¶ 97.

[20] *Id.* ¶¶ 60, 69.

[21] *Id.* ¶ 61.

Directors of DABC,[22] Jeff L. Colvin was the Package Agent Program Director of DABC,[23] Angela Micklos and RuthAnne Oakey Frost were both DABC Compliance Directors,[24] Tim Beardall was an Internal Auditor of the DABC,[25] and Man Diep was a DABC finance director.[26] John Barrand, the only other individual defendant, was the Executive Director of the Utah Department of Human Resource Management.[27]

Consistent with state statute and the package agency contracts,[28] Defendants classified the Package Agent Plaintiffs as independent contractors, not employees of the DABC or the State of Utah.[29] Consequently, Plaintiffs were not paid overtime[30] and did not receive benefits offered to state employees under the Utah Retirement Systems.[31] Instead, Plaintiffs were paid a fixed sum each month under the package agency agreements.[32]

Plaintiffs allege Defendants nevertheless exercised strict control over Plaintiffs consistent with an employer-employee relationship.[33] As evidence, Plaintiffs allege Defendants: provided Plaintiffs with a detailed employee handbook outlining the day-to-day operations of the

---

[22] *Id.* ¶¶ 62-63.

[23] *Id.* ¶ 64.

[24] *Id.* ¶¶ 65-66.

[25] *Id.* ¶ 67.

[26] *Id.* ¶ 68.

[27] *Id.* ¶ 71.

[28] Utah Code Ann. § 32B-2-601 ("A package agent may not be a state employee. A package agent may not be construed to be a state employee or otherwise entitled to any benefit of employment from the state."); Dkt. 7-2 (Package Agency Agreement) at 12 ("Contractor and Subcontractors, in the performance of this contract, shall act in an independent capacity and not as officers or employees or agents of the State Entity or the State of Utah.").

[29] *Id.* ¶ 7.

[30] *Id.* ¶¶ 7-8.

[31] *Id.* ¶ 9.

[32] *Id.* ¶¶ 53, 124; Dkt. 7-2 (Exhibit 1 to Motion to Dismiss) at 6.

[33] Dkt. 2 (Complaint) ¶ 16.

4

Plaintiffs' package agencies;[34] required Plaintiffs to attend extensive training regarding Plaintiffs obligations to follow DABC policies and procedures;[35] required Plaintiffs to prepare various reports using DABC software and DABC forms;[36] mandated Plaintiffs use particular software and equipment including DABC owned credit card terminals;[37] required Plaintiffs perform particular opening and closing procedures; and required Plaintiffs to receive and manage inventory according to the Defendants' procedures.[38]

Defendants oversaw the hiring of Plaintiffs' sub-employees by reviewing and approving candidates, and by obtaining background checks on persons that acted as managers or handled Defendants' funds.[39] Defendants also collected and retained sales tax for sales made at Plaintiffs' stores and only reimbursed the retained sales tax as a credit for future inventory consignments.[40]

In addition, Defendants also exercised significant control over the Plaintiffs' store locations, including by: prohibiting advertising[41] and requiring Plaintiffs place DABC signage on their stores reading "State Liquor Agency";[42] setting the price for all inventory sold by plaintiffs; requiring certain shelf and price tags be used;[43] requiring Plaintiffs operate for a minimum of

---

[34] *Id.* ¶ 101.

[35] *Id.* ¶¶ 103, 112.

[36] *Id.* ¶¶ 110, 119.

[37] *Id.* ¶¶ 111, 120-22, 153-55.

[38] *Id.* ¶ 116.

[39] *Id.* ¶ 115.

[40] *Id.* ¶¶ 120, 153-155.

[41] *Id.* ¶¶ 75, 123.

[42] *Id.* ¶ 125.

[43] *Id.* ¶¶ 113-14.

thirty-five hours per week;[44] and prohibiting store layout or hours of operation changes without authorization.[45]

In sum, Plaintiffs allege they performed duties substantially similar to the managers of stores owned and operated by DABC.[46] As a result of the DABC's required procedures, Plaintiffs routinely work more than forty hours per week, but were not compensated for this additional time with overtime pay.[47]

Multiple times, including in July 2020 and March 2021, Plaintiffs alerted Defendants of their concern that the level of control DABC exercised created an employer-employee relationship and requested Defendants investigate this concern.[48] Plaintiffs were told that the issue had been investigated and that Plaintiffs were properly classified as independent contractors.[49] In June 2021, Plaintiffs contacted the office of John Barrand to determine how Human Resource Management had classified the Plaintiffs; in response, Plaintiffs were told Human Resources would defer to the DABC for Plaintiffs' classification.[50]

Plaintiffs allege they should have been classified as employees, entitled to overtime wages under the Fair Labor Standards Act (FLSA) and all benefits employees of the State of Utah receive.[51] On or about May 17, 2021, Plaintiffs served a Notice of Claim on Defendants, and on or about June 18, 2021, Plaintiffs served a Supplemental Notice of Claim on

---

[44] *Id.* ¶ 116.
[45] *Id.* ¶¶ 117-118.
[46] *Id.* ¶ 129.
[47] *Id.* ¶ 1-5, 117.
[48] *Id.* ¶¶ 131-32.
[49] *Id.* ¶¶ 133-135, 220.
[50] *Id.* ¶ 282.
[51] *Id.* ¶¶ 3-9, 129.

Defendants.[52]  None of the Defendants accepted Plaintiffs' claim within sixty days of service.[53] Plaintiffs did not pursue administrative remedies under Utah Code § 49-11-613, now arguing that pursuit of such remedies would have been futile because the relevant stakeholders already upheld the misclassification of Plaintiffs as independent contractors.[54]

Plaintiffs brought suit against Defendants on September 15, 2021.[55]  Plaintiffs' Complaint includes claims for violation of the FLSA, fraudulent misrepresentation, fraudulent non-disclosure, negligent misrepresentation, breach of an implied employment contract, unjust enrichment, civil conspiracy, and failure to pay employment benefits.[56]  On January 10, 2022, Defendants filed their Motion to Dismiss the Complaint arguing that Plaintiffs fail to state a claim under the FLSA due to statutory exemptions, that Plaintiffs' state law claims are preempted by their FLSA claim, that Plaintiffs failed to exhaust their administrative remedies and are barred from bringing state claims by government immunity, and that certain claims should be dismissed for inadequate pleading.[57]  After full briefing on Defendants' Motion to Dismiss,[58] the court held a hearing on the Motion on November 29, 2022.[59]

For the reasons explained below, the court concludes that factual issues prevent dismissal of Plaintiffs' FLSA claim as a matter of law, but also concludes that Plaintiffs' state law claims

---

[52] *Id.* ¶¶ 20-21.

[53] *Id.* ¶ 23.

[54] *Id.* ¶¶ 281-82.

[55] Dkt. 2.

[56] *Id.* ¶¶ 206-283.

[57] Dkt. 7 at 11-12.

[58] *See* Dkt. 12 (Opposition to Defendants' Motion to Dismiss); Dkt. 15 (Reply in Support of Motion to Dismiss).

[59] *See* Dkt. 27.

must be dismissed because they are preempted by the FLSA and because Plaintiffs failed to exhaust their administrative remedies.[60]

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[61] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[62] "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."[63] For example, if the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."[64] In determining whether a complaint is sufficient, the court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[65]

## ANALYSIS

In their Motion to Dismiss, Defendants argue that Plaintiffs' Complaint should be dismissed for Multiple reasons.[66] First, Defendants argue that exemptions to the FLSA's overtime pay requirements defeat Plaintiffs' claim under the FLSA;[67] Plaintiffs argue that

---

[60] The court does not reach Defendants' additional arguments concerning whether Plaintiffs' state law claims are barred by government immunity or whether Plaintiffs' claims are adequately pled.

[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[62] *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

[63] *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920–21, 166 L. Ed. 2d 798 (2007).

[64] *Id.*

[65] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[66] Dkt. 7 at 11-12.

[67] Dkt. 7 at 11, 16-28.

application of FLSA exemptions is necessarily fact intensive and that this claim is not appropriate for dismissal at the Rule 12 motion to dismiss stage.[68] Second, Defendants argue that Plaintiffs' state law claims are duplicative of their FLSA claim and preempted by the FLSA;[69] Plaintiffs counter that their state law claims are not preempted because they seek alternate remedies.[70] Third, Defendants argue that government immunity bars Plaintiffs' state-law tort claims;[71] Plaintiffs respond that Defendants' actions are not government functions and that immunity is waived under the ABCA.[72] Fourth, Defendants contend that Plaintiffs cannot bring claims for unpaid state benefits because they have not exhausted their administrative remedies;[73] Plaintiffs reply that the exhaustion requirement is excused because exhaustion would have been futile.[74] Fifth, Defendants argue that Plaintiffs' conspiracy claim and implied contract claims are inadequately pled;[75] Plaintiffs assert that their pleadings are sufficient.[76]

    For the reasons explained below, the court denies Defendants' motion in part, concluding Defendants have not established entitlement as a matter of law on Plaintiffs' FLSA claim because there are factual issues concerning whether applicable FLSA exemptions apply. However, the court grants the Defendants' motion in part and dismisses Plaintiffs' state-law claims because these claims are preempted by the FLSA and because Plaintiffs have failed to exhaust their administrative remedies. Accordingly, the court will not address Defendants' other

---

[68] Dkt. 12 (Opposition) at 14.

[69] Dkt. 7 at 28-30.

[70] Dkt. 12 at 26-27.

[71] Dkt. 7 at 30-35.

[72] Dkt. 12 at 29-32.

[73] Dkt. 7 at 35-39.

[74] Dkt. 12 at 33-36.

[75] Dkt. 7 at 39-42.

[76] Dkt. 12 at 36-40.

arguments for dismissal, including whether government immunity bars Plaintiffs' claims and whether Plaintiffs' Complaint is sufficient under Rules 8 and 9 of the Federal Rules of Civil Procedure.

### A. Plaintiffs' FLSA Claim Cannot Be Dismissed Based On Unresolved Factual Questions

The "FLSA imposes substantive wage, hour, and overtime standards, including requirements for the payment of . . . time-and-a-half overtime pay for hours worked in excess of 40 hours during a week."[77] A party bringing a claim like the one presented here for violation of the FLSA must plead that they are an employee and worked more than forty hours per week in an enterprise for commerce.[78] There is no dispute that Plaintiffs' allegations meet this initial burden.

However, the FLSA's wage protections do not apply to every worker. The FLSA carves out certain classes of employees, including by exempting "those who work in an executive, administrative, professional, or . . . outside salesman capacity."[79] Defendant DABC, as the alleged employer, "bears the burden to prove that an exemption under the FLSA applies to the plaintiff[s]."[80] Moreover, Defendants' burden requires them "to prove that [Plaintiffs] fall[] plainly and unmistakably within a FLSA exemption."[81] Defendants argue that Plaintiffs fall into either the administrative, outside salesperson, or combination exemption, and that Plaintiff Leanne Maxfield is specifically exempted as a highly compensated employee.[82]

---

[77] *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018).

[78] *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1109 (10th Cir. 2019).

[79] *Flood*, 904 F.3d at 227 (cleaned up), *see also* 29 U.S.C. § 213.

[80] *Kenney*, 939 F.3d at 1109.

[81] *Maestas v. Day & Zimmerman*, LLC, 664 F.3d 822, 826 (10th Cir. 2012) (internal quotation marks and citation omitted).

[82] Dkt. 7 at 16-28.

### i.      Unresolved Fact Issues Prevent Application of the Administrative Exemption

The administrative exemption requires an employee: (1) be paid a salary of not less than $684 per week; (2) be primarily tasked with "office or non-manual work directly related to the management or general business operations of the employer"; and (3) exercise "discretion and independent judgment with respect to matters of significance."[83]

The administrative exemption's second prong requires the primary duty of an employee to be "directly related to assisting with the running or servicing of the business, as distinguished, for example, from working . . . in a retail or service establishment."[84] Specific examples of administrative duties contained in the regulations include "tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing," "legal and regulatory compliance" among other administrative tasks."[85] Determination of whether an employee's primary duties are administrative requires a factual determination.[86] Disagreements concerning which tasks are administrative and which tasks are primary duties of employees present factual questions that can prevent summary judgment or a dismissal at the Rule 12 stage.[87]

Here, the parties dispute which tasks are the primary tasks of Plaintiffs and which tasks, if any, fall within the administrative exemption.[88] The parties also dispute the level of discretion

---

[83] 29 C.F.R. § 541.200.

[84] 29 C.F.R. § 541.201.

[85] *Id.*

[86] *Maestas*, 664 F.3d at 827.

[87] *See id.* at 827 ("Thus, the parties do not only disagree on how to characterize the employees' primary duties; they disagree on which duties are primary. We conclude that such a dispute is a factual one that, if genuine and material, precludes summary judgment.").

[88] *Compare* Dkt. 7 at 19-20 *with* Dkt. 12 at 17-19.

that Plaintiffs exercise.[89] The court finds these unresolved factual disputes are genuine and material to the question of whether the administrative exemption applies to any or all of the Plaintiffs. Defendants have not shown that Plaintiffs "fall plainly and unmistakably within" the exemption.[90] Accordingly, dismissal of Plaintiffs' FLSA claim based on the administrative exemption is inappropriate under Rule 12.[91]

### ii. The Outside Salesperson Exemption is Inapplicable to Plaintiffs

The outside salesperson exemption applies to employees "whose primary duty is . . . making sales" and "[w]ho is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."[92] Additionally, regulations clarifying the boundaries of the exemption explain that being away from the employer's place of business means selling at "the customer's place of business or, if selling door-to-door, at the customer's home."[93] However, a "fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property."[94] Defendants acknowledge in their briefing that Plaintiffs work at fixed locations,[95] making the outside salesperson exemption inapplicable on the record before the court.

---

[89] *Compare* Dkt. 12 at 17-18 *with* Dkt. 7 at 21-23.

[90] *Maestas*, 664 F.3d at 826.

[91] For similar reasons, there are factual disputes related to the duties of Leanne Maxfield that make dismissal of her FLSA claim under the highly-compensated employee exemption inappropriate. *Compare* Dkt. 12 at 20-22 *with* Dkt. 7 at 24-25.

[92] 29 C.F.R. § 541.500.

[93] 29 C.F.R. § 541.502.

[94] 29 C.F.R. § 541.502.

[95] Dkt. 7 at 27 ("Plaintiffs operate their stores in various locations throughout Utah from premises that Plaintiffs either own or lease").

### iii. The Combination Exemption Does Not Apply to Plaintiffs

The combination exemption applies to "[e]mployees who perform a combination of exempt duties" such as those that qualify "for executive, administrative, professional, outside sales" exemptions.[96] Defendants argue that Plaintiffs' duties fall under either the outside sales exemption or administrative exemptions.[97] As explained above, the outside salesperson exemption is inapplicable and fact issues remain unresolved regarding the administrative exemption. Accordingly, dismissal under the combination exemption is inappropriate at this stage.

Defendants fail to meet their burden to demonstrate that Plaintiffs plainly and unmistakably fall within an exemption to the FLSA's overtime wage requirements. Consequently, Defendants' Motion to Dismiss is DENIED with respect to Plaintiffs' FLSA claim.

### B. Plaintiffs' State law Claims are Preempted by the FLSA

"Congress prescribed exclusive remedies in the FLSA"[98] and made the FLSA "the exclusive remedy for enforcement of rights created under the FLSA."[99] Although courts have recognized that the FLSA does not "prevent states from enacting their own statutes that are more protective of employees,"[100] state law claims based on the same factual allegations and circumstances are preempted.[101]

---

[96] 29 C.F.R. § 541.708.

[97] Dkt. 7 at 28.

[98] *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007).

[99] *Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998).

[100] *See e.g.*, *Smith v. Batchelor*, 832 P.2d 467, 471 (Utah 1992).

[101] *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227 (D. Utah 2002); *Garcia v. Unique Auto Body, Inc.*, No. 2:16-CV-848 TS, 2016 WL 6603990, at *3 (D. Utah Nov. 8, 2016); *See Chytka v. Wright Tree Serv., Inc.*, 617 F. App'x 841, 844 (10th Cir. 2015) (affirming district court's dismissal of "state-law claims, holding federal law preempted her unjust-enrichment claim . . . .").

13

The Court of Appeals for the Fourth Circuit's analysis in *Anderson v. Sara Lee Corp* is instructive.[102] In *Anderson*, the court noted that the plaintiff's claims for "breach of contract, negligence, and fraud come with remedies that, in some respects, are more generous than those provided in the FLSA enforcement scheme."[103] The *Anderson* court explained why the claims were still preempted:

> Crucially, though, the [Plaintiffs'] state claims all depend on establishing that [defendant] violated the FLSA, either in good faith or willfully. . . . Without doubt, these state claims essentially require the same proof as claims asserted under the FLSA itself. . . . Plaintiffs rely on the FLSA for their rights, and they invoke state law only as the source of remedies for the alleged FLSA violations. . . . Because the FLSA's enforcement scheme is an exclusive one, we further conclude that the [Plaintiffs'] FLSA-based contract, negligence, and fraud claims are precluded . . . .[104]

So too here. Plaintiffs allege Defendants "willfully and intentionally missclassif[ied] their Package Agents, who were employees, as independent contractors and then fail[ed] and/or refus[ed] to pay them overtime . . . in violation of 29 U.S.C. § 207(a)"—the FLSA.[105] Plaintiffs use this FLSA misclassification as the basis[106] for all of their additional state law claims: "[w]hile the issue of misclassification is pertinent to a claim under the FLSA, *it is also pertinent to a number of other legal claims for damages not available under the FLSA* but available

---

[102] *Anderson*, 508 F.3d 181.

[103] *Id.* at 193-94.

[104] *Id.* at 194.

[105] Dkt. 2 at 7.

[106] Plaintiffs' attempt to use the FLSA definitions of employee as the basis for their state law claims is a consequence of the ABCA and contracts at issue unambiguously and expressly defining Plaintiffs as independent contractors and not entitled to state employment benefits. Utah Code Ann. § 32B-2-601 ("A package agent may not be a state employee. A package agent may not be construed to be a state employee or otherwise entitled to any benefit of employment from the state."); Dkt. 7-2 (Package Agency Agreement) at 12 ("Contractor and Subcontractors, in the performance of this contract, shall act in an independent capacity and not as officers or employees or agents of the State Entity or the State of Utah.").

under separate state causes of action . . . ."[107] Plaintiffs focus on the additional damages available under their state law claims as a way to escape preemption, but this court, like *Anderson*,[108] has previously rejected this exact argument.[109]

Simply put, Plaintiffs cannot succeed on any of their state law claims without a determination that they were misclassified under the FLSA.[110] Because Plaintiffs seek to use the alleged right to be treated as employees under the FLSA as a springboard to obtain additional remedies under state common-law theories, Plaintiffs' state law claims necessarily are preempted by the FLSA.[111] Accordingly, Defendants' Motion to Dismiss is GRANTED IN PART, and Plaintiffs' claims for fraudulent misrepresentation, fraudulent/negligent non-disclosure, negligent misrepresentation, breach of implied employment contract, unjust enrichment, and civil conspiracy are dismissed.

## C. Plaintiffs' Claims For State Employment Benefits Are Dismissed For Failure to Exhaust Administrative Remedies

Under the Utah State Retirement and Insurance Benefit Act (Utah Benefits Act), any "person who disputes a benefit, right, obligation, or employment right under this title shall request a ruling by the executive director who may delegate the decision to the deputy director."[112] Administrative review under the Utah Benefits Act is robust, including review of the executive director's ruling by a hearing officer, review of a hearing officer decision by the

---

[107] Dkt. 12 at 28 (emphasis added).

[108] *Anderson*, 508 F.3d at 194.

[109] *Johnston*, 217 F. Supp. 2d at 1227-28.

[110] *See generally* Dkt. 2 (Complaint).

[111] Dkt. 12 at 28 ("While the issue of misclassification is pertinent to a claim under the FLSA, it is also pertinent to a number of other legal claims for damages not available under the FLSA but available under separate state causes of action . . . .").

[112] Utah Code Ann. § 49-11-613.

15

Utah State Retirement Board, and reconsideration of board decisions.[113]  Failure to exhaust this robust process deprives courts of subject matter jurisdiction over claims under the Utah Benefits Act.[114]  The Utah Supreme Court has described the exhaustion requirement in the Utah Benefits Act as "both broad in encompassing all claims" that regard a dispute of a "benefit, right, obligation, or employment right under" the Utah Benefit Act and "mandatory in requiring compliance with administrative procedures."[115]

Utah courts construe the futility exception narrowly and stringently. "Where the legislature has imposed a specific exhaustion requirement . . . we will enforce it strictly."[116]  Therefore, "if a party fails to exhaust its administrative remedies prior to filing suit, the suit must be dismissed."[117]  Exceptions to exhaustion are "unusual;" futility "exists in situations where the entire administrative appeals process is inoperative or unavailable."[118]

Plaintiffs concede they have not exhausted their administrative remedies, but argue that exhaustion should be excused because it would have been futile.[119]  Plaintiffs claim that "the relevant stakeholders" had upheld the misclassification of Plaintiffs and that in contacting the office of Mr. Barrand, Plaintiffs were told Human Resource Management would defer to the DABC for Plaintiffs' classification.[120]  The court finds Plaintiffs' efforts fall well short of those that would demonstrate futility as a matter of law.  This is especially true given the robust

---

[113] *Id.*

[114] *Ramsay v. Kane Cnty. Hum. Res. Special Serv. Dist.*, 2014 UT 5, ¶ 17, 322 P.3d 1163, 1169.

[115] *Ramsay*, 2014 UT 5, ¶ 11, 322 P.3d at 1167.

[116] *Patterson v. Am. Fork City*, 2003 UT 7, ¶ 17, 67 P.3d 466.

[117] *Salt Lake City Mission v. Salt Lake City*, 2008 UT 31, ¶ 6, 184 P.3d 599, 601 (cleaned up).

[118] *Tooele Cnty. v. Erda Cmty. Ass'n*, 2022 UT App 123, ¶ 23, 44, 521 P.3d 872, 880, 885 (internal citation and quotations marks omitted).

[119] Dkt. 2 ¶ 281, Dkt. 12 at 34-36.

[120] Dkt. 2 ¶¶ 281-282.

administrative review procedures available under the Utah Benefits Act, including review by a hearing officer and the Utah State Retirement Board.[121] For the court to find futility here would contravene the narrow application courts afford the futility exception and defeat the purpose "underlying the doctrine of exhaustion of administrative remedies . . . to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."[122]

All of Plaintiffs' state claims dispute benefits and employment rights.[123] Accordingly, Defendants' Motion to Dismiss is GRANTED IN PART, and all of Plaintiffs' claims save for their FLSA claim are dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is DENIED IN PART regarding Plaintiffs' FLSA claim and GRANTED IN PART regarding all of Plaintiffs' additional claims. IT IS HEREBY ORDERED that Plaintiffs' claims two, three, four, five, six, seven, and eight are dismissed with prejudice.

SO ORDERED this 28th day of March, 2023.

BY THE COURT

ROBERT J. SHELBY
United States Chief District Judge

---

[121] *See* Utah Code Ann. § 49-11-613.

[122] *Ramsay*, 2014 UT 5 at ¶ 9, 322 P.3d at 1167.

[123] *See* Dkt. 2 ¶¶ 227, 236, 246, 258, 264-65, 269, 276-77.